JDN

**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Gene Caprio,                                     )       No. CV 05-3836-PHX-DGC (DKD)
                                                 )
        Plaintiff,                       )       **ORDER**
                                                 )
vs.                                              )
                                                 )
Joseph Arpaio,                                   )
                                                 )
        Defendant.                       )
                                                 )
_____  )

     This is a civil rights action pursuant to 42 U.S.C. § 1983 filed by an inmate formerly confined in the Lower Buckeye Jail in Phoenix, Arizona.  Plaintiff has filed a Response pursuant to the Court's Order to show cause why he should not have to pay the filing fee immediately.  The Court determines that good cause is shown, and the action will be dismissed with leave to amend.

**A.**     **Response.**

     By Order filed March 31, 2006, the Court granted Plaintiff's Motion to Proceed *In Forma Pauperis* and provided Plaintiff 30 days to either pay the civil filing fee in full or show good cause why he should not be required to pay it immediately (Dkt. # 4).  Plaintiff responded to the Court's Order in a Notice of Response dated April 27, 2006. (Dkt. # 5).  In his Response Plaintiff included confirmation of his date of release and an affirmation that he is presently unable to pay the outstanding balance given his participation in a work furlough program and his obligation to pay for furlough fees, food, laundry, transportation, and

hygiene products.  Plaintiff has attached to his Response copies of check stubs from the Maricopa County Probation Department which document Plaintiff's income and expenses. Plaintiff further declares that he will pay the filing fee within 120 days from his release as ordered.

The Plaintiff has demonstrated good cause why he should not be required to pay the filing fee immediately.  The Court will grant Plaintiff 120 days from the date of his release to pay the civil filing fee in the amount of $250.00.  If Plaintiff's circumstances have changed since the filing of his Response, and he remains unable to pay the filing fee, Plaintiff must respond to this Order within 30 days and again demonstrate good cause.  He must describe his current financial condition in detail, his sources of income, his employment status, and any liabilities.

**B.    Statutory Screening of Prisoner Complaints.**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.   28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if Plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend the complaint before dismissal of the action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).  The Court is required to grant leave to amend "if a complaint can possibly be saved," but not if the Complaint "lacks merit entirely."  Id. at 1129.  A court therefore should grant leave to amend if the pleading could be cured by the allegation of other facts, or if it appears at all possible that the defect can be corrected.  Id. at 1130.

The Court should not, however, advise the litigant how to cure the defects.  This type of advice "would undermine the district judges' role as impartial decisionmakers."  Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether court was required to inform litigant of deficiencies).  Plaintiff's Complaint will be

1    dismissed for failure to state a claim, *with* leave to amend because the complaint may

2    possibly be saved by amendment.

3    **C.    Complaint.**

4    In his Complaint Plaintiff sets forth thirteen causes of action related to the conditions

5    of confinement at the Durango, Estrella, and Tent City Jails in Phoenix, Arizona.  Counts I

6    and II concern the inmate population and housing at the jails.  Plaintiff alleges that 20 - 30

7    inmates must sleep on the floor on "boats" in the day room.  He claims that the overcrowding

8    causes stress and renders the jails unsafe.  In Count III Plaintiff contends that the lighting at

9    the jails does not protect inmates from eye fatigue and eye strain, and leads to emotional,

10   psychological and physical health problems.  Plaintiff states in Count IV that the pods are

11   intolerably loud and cause sleep loss and stress, and interrupt telephone calls.

12   In Count V Plaintiff alleges that the jail staff violates his privacy by routinely opening

13   and examining mail contrary to jail policy.  Further, he claims that mail delivery is often slow

14   or nonexistent.  Count VI concerns sanitation and toilet facilities, which he states are unsafe

15   and put inmates in jeopardy of exposure to disease and germs.  He asserts that there is no hot

16   water, and no safe source of drinking water.  In Count VII Plaintiff contends that he has no

17   consistent and reliable access to a law library, thus, he is unable to properly defend his case.

18   Count VIII relates to the medical, dental, and psychiatric care at the jails.  Plaintiff alleges

19   that the treatment violates detainees right to screening, segregation and treatment of mental

20   and physical illnesses.  Count IX is another overcrowding claim regarding the intake areas;

21   Plaintiff asserts that these areas do not have hot water, clean sinks and toilets, blankets or

22   mattresses.  In Count X Plaintiff claims that he receives inadequate recreation time outside.

23   Plaintiff alleges in Count XI that Defendant violates inmate classification procedures,

24   fails to adequately train in the area of behavioral health, and fails to provide prompt

25   professional counseling.  In Count XII Plaintiff claims that the food service is non-compliant

26   and constitutes a health hazard.  And in Count XIII Plaintiff contends that Defendant uses

27   the grievance procedure to delay and retaliate against inmates and discourage them from

28   pursuing legal remedies.  For relief, Plaintiff requests monetary damages.

JDDL-K Plain                                        - 3 -

**D.**   **Failure to State a Claim.**

   *1.  Hart v. Hill*

   Throughout his Complaint, Plaintiff refers to Hart v. Hill, No. CIV 77-0479-PHX-EHC (MS) (D. Ariz.), claiming that the conditions of his confinement violate an Amended Judgment in that action.  Jurisdiction to enforce the judgment is retained by the court who entered it.  Jeff D. v. Kempthorne, 365 F.3d 844, 853 (9th Cir. 2004).  A civil rights action is not the proper means by which to enforce the decree.  Cagle v. Sutherland, 334 F.3d 980, 986 (11th Cir. 2003); Klein v. Zavaras, 80 F.3d 432, 435 (10th Cir. 1996); DeGidio v. Pung, 920 F.2d 525, 534 (8th Cir. 1990); Green v. McKaskle, 788 F.2d 1116, 1122-23 (5th Cir. 1986).  Standing alone, remedial orders cannot serve as a substantive basis for a § 1983 claim for damages because such orders do not create "rights, privileges, or immunities secured by the Constitution and laws."  Green, 788 F.3d at 1123-24.  Remedial decrees are the means by which unconstitutional conditions are corrected but they do not create or enlarge constitutional rights.  Id. at 1123.  To the extent Plaintiff seeks to enforce Hart v. Hill, his claim is not properly brought in this action.

   *2.  Joseph Arpaio*

   Plaintiff sues Arpaio in his official capacity because he is "in direct violation of my civil rights as stipulated in the Amended Judgement Hart v. Hill in Jan., '95" (Compl. at 2.) When a person is sued in an official capacity, the real party in interest is the entity of which the officer is an agent.  Kentucky v. Graham, 473 U.S. 159, 165-66 (1985) (quoting Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 690 n.55 (1978)).  In their official capacities, "[c]ounty officials can be held liable under § 1983 if they act as "lawmakers or . . . those whose edicts or acts may fairly be said to represent official policy."  Berry v. Baca, 379 F.3d 764, 767 (9th Cir. 2004) (quoting Monell, 436 U.S. at 694).  Plaintiff must also show that an official municipal policy caused him to suffer a constitutional tort.  Berry, 379 F.3d at 767.  The entity may also be liable when its custom played a part in the violation of federal law.  Kentucky, 473 U.S. at 166.  Plaintiff must set forth allegations to show that Arpaio either created or acted pursuant to an official policy or custom that caused Plaintiff's

1    constitutional injury.  See  Berry, 379 F.3d at 767.

2        Without any allegations regarding Arpaio's conduct, Plaintiff fails to state a claim

3    against him.  There are no other Defendants named who may be liable for Plaintiff's claims.

4    For this reason, Plaintiff's action fails to state a claim.  The Court will, however, address

5    some of Plaintiff's specific claims.

6        *3.  Count III - Lighting*

7        In Count III, Plaintiff alleges that "current conditions related to natural light, windows,

8    artificial lighting, and temperature do not safe guard . . . pretrial detainees from eye fatigue,

9    eye strain" (Compl. at 6).   "Adequate lighting is one of the fundamental attributes of

10   'adequate shelter' required by the Eighth Amendment."  Keenan v. Hall, 83 F.3d 1083, 1090

11   (9th Cir. 1996) (quoting Hoptowit v. Spellman, 753 F.2d 779, 783 (9th Cir. 1983).  To state

12   a § 1983 claim, a plaintiff must allege that he suffered specific injury as a result of the

13   specific conduct of a defendant, and show an affirmative link between the injury and that

14   conduct.  Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).  Plaintiff's allegations fail to

15   demonstrate how Arpaio has allegedly violated light or temperature standards.  Standing

16   alone, the allegations in Count III do not rise to a constitution violation.

17       *4.  Count V - Mail*

18       "Regulating correspondence between prisoners and government agencies can serve

19   to prevent criminal activity and maintain prison security."   O'Keefe v. Van Boening, 82

20   F.3d 322, 326 (9th Cir.1996).  "[T]he prevention of criminal activity and the maintenance of

21   prison security are legitimate penological interests which justify the regulation of both

22   incoming and outgoing prisoner mail."  Id. (citations omitted).

23       In order to state a cognizable claim, Plaintiff must show that he suffered some real

24   injury; mere delay or interference does not state a claim.  See Morgan v. Montanya, 516 F.2d

25   1367, 1371 (2d Cir. 1975).  Plaintiff's allegation that the jail's handling of the mail constitutes

26   a loss of privacy does not rise to a constitutional violation.

27       *5.  Count VII - Access to Law Library*

28       In Count VII, Plaintiff alleges that he was denied constant access to a law library and

the assistance of a legal clerk.  As a pretrial detainee during his confinement at the Maricopa County Jail, Plaintiff's right of access to the courts for his criminal prosecution was guaranteed by the State's offer of a criminal defense attorney.  The Ninth Circuit and other courts have uniformly held that the right of access to the courts cannot be violated when an inmate is offered the assistance of court-appointed counsel.  See United States v. Wilson, 690 F.2d 1267, 1271-72 (9th Cir. 1982) ("The offer of court-appointed counsel to represent [Defendant] satisfied the Fifth Amendment obligation to provide meaningful access to the courts"); United States v. Smith, 907 F.2d 42, 45 (6th Cir. 1990) ("principles of due process are not violated when a defendant waives his right to counsel, even though by doing so he destroys any meaningful access to the court that he may have had").  The Supreme Court of Arizona follows the same principles.  See, e.g., State v. Henry, 863 P.2d 861, 876 (Ariz. 1993); Salstrom v. State, 714 P.2d 875, 878 (Ariz. 1986).

The Maricopa County Superior Court records show that the State of Arizona filed a criminal case against Plaintiff.  See State v. Caprio, No. CR2005-110444-001.  The state court records indicate that in this case Plaintiff has been represented.  Plaintiff therefore fails to state a claim for the denial of his right of access to the courts due to lack of access to a law library or legal clerk, because he has a lawyer representing him in his criminal prosecution.

*6.  Counts VIII and XI - Medical Care and Inmate Classification*

Plaintiff alleges that Defendant is in violation of classification standards.  There is no constitutional right to enjoy a particular security classification.  Moody v. Daggett, 429 U.S. 78 (1976); Montanye v. Haymes, 427 U.S. 236, 242 (1976).  Plaintiff has failed to allege how or why the medical treatment constitutes a violation of civil rights, nor has Plaintiff alleged any personal injury.

In Count XI, Plaintiff also contends that Defendant has not provided sufficient professional counseling for incoming pre-trial detainees.  Pre-trial detainees do not have a constitutional right to receive professional counseling upon arrival at the Maricopa County jail.  A pre-trial detainee's claim for unconstitutional conditions of confinement arises from the Due Process Clause rather than from the Eighth Amendment prohibition against cruel and

1   unusual punishment.  Bell v. Wolfish, 441 U.S. 520 (1979); Jones v. Johnson, 781 F.2d 769,

2   771 (9th Cir. 1986).  Nevertheless, the Eighth Amendment provides a minimum standard of

3   care for determining a plaintiff's rights as a pretrial detainee.  Anderson v. Kern, 45 F.3d

4   1310, 1312-313 (9th Cir. 1995).

5        To state a § 1983 medical claim under the Eighth Amendment, Plaintiff must show

6   that Defendant acted with "deliberate indifference to his serious medical needs."  Estelle v.

7   Gamble, 429 U.S. 97, 106 (1976).  Deliberate indifference may occur if "prison officials

8   deny, delay or intentionally interfere with medical treatment."  Hutchinson v. United States,

9   838 F.2d 390, 394 (9th Cir. 1988).  A mere delay in medical or dental care, without more,

10  is insufficient to state a claim against prison officials for deliberate indifference. Shapley v.

11  Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th  Cir. 1985).  Plaintiff must

12  show the delay in treatment was harmful.  Id.  Plaintiff's allegation that pre-trial detainees

13  are not provided professional counseling and orientation fails to state a constitutional claim,

14  **E.    Leave to Amend.**

15        For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state

16  a claim upon which relief may be granted.  Plaintiff may amend his Complaint to cure the

17  deficiencies outlined above.  The Clerk of Court shall provide Plaintiff with a Court-

18  approved form for filing a civil rights complaint.  Plaintiff is advised that the amended

19  complaint must be retyped or rewritten in its entirety on the court-approved form and may

20  not incorporate any part of the original Complaint by reference.  Any amended complaint

21  submitted by Plaintiff should be clearly designated as such on the face of the document.

22        Plaintiff is also reminded that in an Amended Complaint, he may only include one

23  claim per count.  The "one claim per count" rule is set forth in the form Complaint and

24  accompanying instructions, and is a requirement imposed by the local rules of this Court.

25  See LRCiv 3.4(a) (complaint must be in accordance with the instructions provided with the

26  form).

27        An amended complaint supersedes the original complaint.  Ferdik v. Bonzelet, 963

28  F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542,

1546 (9th Cir. 1990).  After amendment, the original pleading is treated as nonexistent. Ferdik, 963 F.2d at 1262.  Thus, causes of action alleged in an original complaint which are not alleged in an amended complaint are waived.  King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

**F.    Address Changes.**

In the notice of assignment issued in this action (Dkt. #2), Plaintiff was advised he must file a notice of change of address if his address changes.  Plaintiff is again reminded that at all times during the pendency of this action, Plaintiff shall immediately advise the Court of any change of address and its effective date.  Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS."  Plaintiff shall serve a copy of the Notice of Change of Address on all opposing parties.  The notice shall contain only information pertaining to the change of address and its effective date, and shall not include a motion for other relief.  Failure to timely file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**G.    Warning of Possible Dismissal.**

Plaintiff should take note that if he fails to timely comply with every provision of this Order, this action will be dismissed without further notice.  See Ferdik, 963 F.2d at 1260-61(district court may dismiss action for failure to comply with any order of the Court). Moreover, because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal of this action will count as a "strike" under the "three strikes" provision of the Prison Litigation Reform Act.  See 28 U.S.C. § 1915(g).

**IT IS THEREFORE ORDERED that:**

(1)  Good cause shown as to why Plaintiff should not have to pay the filing fee immediately, the Court grants Plaintiff 120 days from his release date to pay the statutory filing fee of $250.00 for this action.

(2)  If Plaintiff's circumstances have changed since the filing of his Response and he

remains unable to pay the filing fee, Plaintiff must respond to this Order within 30 days and again demonstrate good cause.

(3)  The Complaint is **dismissed** for failure to state a claim.  Plaintiff shall have **30 days** from the date this Order is filed to file an Amended Complaint in compliance with this Order.

(4)   The Clerk of Court shall enter a judgment of dismissal of this action with prejudice and without further notice to Plaintiff, if Plaintiff fails to file an amended complaint within thirty (30) days of the date this Order is filed.  Upon entry of judgment, the Clerk shall make an entry on the docket in this matter indicating that the dismissal of this action falls within the purview of 28 U.S.C. § 1915(g).

(5)   Aside from the two copies of the petition or amended petition that must be submitted pursuant to Rule 3.5(a) of the Local Rules of Civil Procedure, a clear, legible copy of every pleading or other document filed shall accompany each original pleading or other document filed with the Clerk for use by the District Judge or Magistrate Judge to whom the case is assigned.  See LRCiv 5.4.  Failure to comply with this requirement may result in the pleading or document being stricken without further notice to Plaintiff.

(6)  The Clerk of Court shall provide to Plaintiff a current court-approved form for filing a civil rights complaint by a prisoner.

DATED this 3rd day of May, 2006.

David G. Campbell
United States District Judge

**INFORMATION AND INSTRUCTIONS FOR A
PRISONER FILING CIVIL RIGHTS COMPLAINT
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

## I. <u>General Information About the Civil Rights Complaint Form:</u>

A.  <u>The Form</u>.   The civil rights complaint form is designed to help prisoners prepare a complaint seeking relief for a violation of their federal civil rights.  Local Rule of Civil Procedure 3.4(a) requires that prisoner civil rights complaints be filed on the court-approved form.  Your complaint must be typewritten or legibly handwritten.  All information must be clearly and concisely written, **only in the space provided on the form.**  If needed, you may attach no more than fifteen additional pages of standard letter size paper to continue any part of the complaint.  You must identify which part of the complaint is being continued and number all pages.

B.  <u>Your Signature</u>.  You must sign the complaint.  Your signature constitutes a certificate that: 1) you have read the complaint; 2) to the best of your knowledge, information and belief formed after reasonable inquiry it is well grounded in fact and law; and 3) it is not being filed for any improper purpose.  Please review Rule 11 of the Federal Rules of Civil Procedure.  Rule 11 provides for the imposition of sanctions if the complaint is signed in violation of the Rule.

C.  <u>The Filing Fee</u>.  You must pay the $250.00 filing fee.  If you are unable to pay the filing fee when the complaint is filed, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for more information.

D.  <u>Court Divisions</u>.  If you resided in Maricopa, Pinal, Yuma, La Paz, or Gila county when your rights were allegedly violated, you should  file your complaint in the Phoenix Division of the court.  If you resided in Apache, Navajo, Coconino, Mohave, or Yavapai county when your rights were allegedly violated, you should file your complaint in the Prescott Division of the court.  If you resided in Pima, Cochise, Santa Cruz, Graham, or Greenlee county when your rights were allegedly violated, you should file your complaint in the Tucson Division of the court. See LRCiv  5.1(a) and 77.1(a).

You should mail THE ORIGINAL AND ONE COPY of your complaint with the $250.00 filing fee or the application to proceed *in forma pauperis* to:

| <u>Phoenix & Prescott Divisions</u>: | **OR** | <u>Tucson Division</u>: |
|---|---|---|
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 321 | | U.S. Courthouse, Suite 1500 |

401 West Washington Street, SPC 10     405 West Congress Street
Phoenix, Arizona  85003-2119       Tucson, Arizona  85701-5010

E.  <u>Certificate of Service on Defendants</u>.  You must furnish the opposing party or their attorney with a copy of any document you submit to the court (except the initial complaint and application to proceed *in forma* pauperis).  Pursuant to Rules 5(a) and (d) of the Federal Rules of Civil Procedure, each original document (except the initial complaint and application for leave to proceed *in forma pauperis)* must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the opposing party or their attorney and the address to which it was mailed.  Any document received by the court which does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

I hereby certify that a copy of the foregoing document was mailed
this ___ day of___(month)___, (year) , to:
Name: _____
Address:_____
    Attorney for Defendant(s)/Respondent(s)


_____
(Signature)

F.  <u>Original and Judge's Copy</u>.  You must furnish an original and one copy of any document submitted to the court.  You must furnish one additional copy to the clerk if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.

G.  <u>Exhibits</u>.  You should not submit exhibits with the complaint.  Instead, the relevant information should be paraphrased in the complaint.  You should keep the exhibits to use to support or oppose a motion for summary judgment or at trial.

H.  <u>Change of Address</u>.  You must immediately notify the clerk and the opposing party or their attorney in writing of any change in your mailing address.  Failure to notify the court of any change in your mailing address may result in the dismissal of your case.

I.  <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form. Rule 15(a) of the Federal Rules of Civil Procedure allows you to file one amended complaint prior to any defendant filing an answer.  After any defendant has filed an answer, you must file a motion for leave to amend and lodge a proposed amended complaint.  Local Rule of Civil Procedure 15.1(a)(2) prohibits any amended pleading from referencing any prior pleading.  Further, any allegations or defendants not included in the

amended complaint are considered dismissed.

J. <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any of the District Judges, Magistrates Judges, or the staff of any of the judicial officers.  The appropriate way to communicate with these persons is by filing a written pleading or motion.

## II.  <u>Completing the Civil Rights Complaint Form:</u>

**HEADING:**

1. <u>Your Name</u>.  Print your name, prison or jail inmate number, and mailing address on the lines provided.

2. <u>Defendants</u>.  Print the names of each of your defendants.  If you name more than **four** defendants, you should print the name of one defendant and "see additional page for defendants" in the space provided.  On the additional page you must list the names of **all** of the defendants.  This additional page should be inserted after page 1 and numbered as page "1-A" at the bottom of the page.  The initial complaint must contain the names of **all** of the parties (plaintiffs as well as defendants) in the heading (or on the additional page if more than four defendants).  See Rule 10(a) of the Federal Rules of Civil Procedure.

3. <u>Jury Demand</u>.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" on the line below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so will result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

1. <u>Nature of Suit</u>.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "<u>Bivens v. Six Unknown Federal Narcotics Agents</u>" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

2. <u>Plaintiff</u>.  Print all of the requested information on the spaces provided.  Identify the institution and city where the alleged violation of your rights occurred.

3. <u>Defendants</u>.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on a separate page.  Label the page(s) as "2-A," "2-B," etc., at  the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary

information about each additional lawsuit on a separate page. Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

## Part C.  CAUSE OF ACTION:

You must identify what rights the defendant(s) violated. The form provides space to allege three separate counts (one violation per count). If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page. Number the additional pages "5-A", "5-B", etc., and insert them immediately behind page 5. Remember that you are limited to a total of fifteen additional pages.

1. Counts. You must identify which civil right was violated. YOU MAY ALLEGE THE VIOLATION OF ONLY ONE CIVIL RIGHTS CLAIM PER COUNT.

2. Issue Involved. Check the box that most closely identifies the issue involved in your claim. YOU MAY CHECK ONLY ONE BOX PER COUNT. If you check the box marked "Other," you must identify the specific issue involved in the space provided.

3. Supporting Facts. After you have identified which civil right was violated, you need to state the supporting facts. Be as specific as possible. You must state what each individual defendant did to violate your rights. If there is more than one defendant, you need to identify which defendant did what act. You also need to state the date(s) on which the act(s) occurred if possible.

4. Injury. State precisely how you were injured by the alleged violation of your rights.

5. Administrative Remedies. Exhaustion of administrative remedies is a prerequisite to filing a civil rights complaint. 42 U.S.C. § 1997e requires prisoners to exhaust the available administrative remedies before being allowed to file a civil rights action. Consequently, you must disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint. If one of your counts is exempt from the grievance procedures or administrative appeals, fully explain the exemption on the lines provided.

## Part D.  REQUEST FOR RELIEF:

Print the relief you are seeking in the space provided.

## SIGNATURE:

You must sign your name and print the date you signed the complaint. Your signature must be an original signature, not a photocopy.

## FINAL NOTE

You should follow these instructions carefully. Failure to do so may result in your complaint being stricken or dismissed by the court. All questions must be answered concisely

4

in the proper space on the form.  If needed, you may attach no more than fifteen additional pages.  The form, however, must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

|  |  |  |
|--|--|--|

_____, )
(Full Name of Plaintiff)    )
     Plaintiff,     )
               )
     vs.         )  **CASE NO.** _____
               )      (To be supplied by the Clerk)
_____, )
               )
_____, )
               )      **CIVIL RIGHTS COMPLAINT**
_____, )         **BY A PRISONER**
               )
_____, )  ☐ Original Complaint
(Full Name of Each Defendant)  ☐ First Amended Complaint
     Defendant(s).     )  ☐ Second Amended Complaint
_____ )

## A. JURISDICTION

1.  This Court has jurisdiction over this action pursuant to:

    a.  ☐ 28 U.S.C. § 1343(a)(3); 42 U.S.C. § 1983

    b.  ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).

    c.  ☐ Other:  (Please specify.) _____.

2.  Name of Plaintiff: _____.

    Present mailing address: _____.

        **(Failure to notify the Court of your change of address may result in dismissal of this action.)**

    Institution/city where violation occurred: _____.

1

**550/555**

3.  Name of first Defendant: _____. The first Defendant is employed as:
_____at_____.
(Position and Title)                              (Institution)

The first Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
Explain how the first Defendant was acting under color of law: _____
_____.

4.  Name of second Defendant: _____. The second Defendant is employed as:
_____at_____.
(Position and Title)                              (Institution)

The second Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
Explain how the second Defendant was acting under color of law: _____
_____.

5.  Name of third Defendant: _____. The third Defendant is employed as:
_____at_____.
(Position and Title)                              (Institution)

The third Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
Explain how the third Defendant was acting under color of law: _____
_____.

6.  Name of fourth Defendant: _____. The fourth Defendant is employed as:
_____at_____.
(Position and Title)                              (Institution)

The fourth Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
Explain how the fourth Defendant was acting under color of law: _____
_____.

**(If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.)**

## B.  PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while you were a prisoner?     ☐ Yes     ☐ No

2.  If your answer is "yes," how many lawsuits have you filed? _____. Describe the previous lawsuits in the spaces provided below.

3.  First prior lawsuit:
    a.  Parties to previous lawsuit:
        Plaintiff: _____.
        Defendants: _____
        _____.

2

      b.  Court:  (If federal court, identify the district; if state court, identify the county.) _____
                                                                                                                                                        _____.

      c.  Case or docket number: _____.

      d.  Claims raised: _____

                        _____

      e.  Disposition:  (For example: Was the case dismissed?  Was it appealed?  Is it still pending?) ____

      f.  Approximate date lawsuit was filed: _____.

      g.  Approximate date of disposition: _____.

4.  Second prior lawsuit:
      a.  Parties to previous lawsuit:
          Plaintiff: _____.
          Defendants: _____

      b.  Court:  (If federal court, identify the district; if state court, identify the county.) _____

      c.  Case or docket number: _____.

      d.  Claims raised: _____

                        _____

      e.  Disposition:  (For example: Was the case dismissed?  Was it appealed?  Is it still pending?) ____

      f.  Approximate date lawsuit was filed: _____.

      g.  Approximate date of disposition: _____.

5.  Third prior lawsuit:
      a.  Parties to previous lawsuit:
          Plaintiff: _____.
          Defendants: _____

      b.  Court:  (If federal court, identify the district; if state court, identify the county.) _____

      c.  Case or docket number: _____.

      d.  Claims raised: _____

                        _____

      e.  Disposition:  (For example: Was the case dismissed?  Was it appealed?  Is it still pending?) ____

      f.  Approximate date lawsuit was filed: _____.

      g.  Approximate date of disposition: _____.

**(If you filed more than three  lawsuits, answer the questions listed above for each additional lawsuit on a separate page.)**

## C.  CAUSE OF ACTION

### COUNT I

1.    The following constitutional or other federal civil right has been violated by the Defendant(s):  _____

_____

_____.

2.    Count I involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated
      in a different count)         ☐ Mail            ☐ Access to the court       ☐ Medical care
                                     ☐ Disciplinary proceedings   ☐ Property   ☐ Exercise of religion   ☐ Retaliation
                                     ☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.    **Supporting Facts:** (State as briefly as possible the FACTS supporting Count I.  Describe exactly what each
Defendant did or did not do to violate your rights.  State the facts clearly in your own words without citing legal
authority or arguments).

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____.

4.    **Injury:**  (State how you have been injured by the actions or inactions of the Defendant(s)).

_____

_____

_____.

5.    **Administrative Remedies:**
      a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at
            your institution?                                                                    ☐ Yes     ☐ No
      b.    Did you submit a request for administrative relief on Count I?                        ☐ Yes     ☐ No
      c.    Did you appeal your request for relief on Count I to the highest level?              ☐ Yes     ☐ No
      d.    If you did not submit or appeal a request for administrative relief to the highest level, briefly explain
            why you did not.  _____

            _____.

## COUNT II

1.   The following constitutional or other federal civil right has been violated by the Defendant(s): _____
_____
_____.

2.   Count II involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated
     in a different count)        ☐ Mail            ☐ Access to the court     ☐ Medical care
     ☐ Disciplinary proceedings   ☐ Property        ☐ Exercise of religion    ☐ Retaliation
     ☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.   **Supporting Facts:** (State as briefly as possible the FACTS supporting Count II.  Describe exactly what
each Defendant did or did not do to violate your rights.  State the facts clearly in your own words without citing
legal authority or arguments).
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury:**  (State how you have been injured by the actions or inactions of the Defendant(s)).
_____
_____
_____.

5.   **Administrative Remedies:**
     a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at
          your institution?                                                      ☐ Yes     ☐ No
     b.   Did you submit a request for administrative relief on Count II?         ☐ Yes     ☐ No
     c.   Did you appeal your request for relief on Count II to the highest level? ☐ Yes     ☐ No
     d.   If you did not submit or appeal a request for administrative relief to the highest level, briefly explain
          why you did not.  _____
          _____.

## COUNT III

1.  The following constitutional or other federal civil right has been violated by the Defendant(s): _____
_____
_____.


2.  Count III involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated
    in a different count)   ☐ Mail          ☐ Access to the court    ☐ Medical care
    ☐ Disciplinary proceedings   ☐ Property    ☐ Exercise of religion    ☐ Retaliation
    ☐ Excessive force by an officer   ☐ Threat to safety    ☐ Other: _____.

3.  **Supporting Facts:** (State as briefly as possible the FACTS supporting Count III.  Describe exactly what
each Defendant did or did not do to violate your rights.  State the facts clearly in your own words without citing
legal authority or arguments).
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.  **Injury:**  (State how you have been injured by the actions or inactions of the Defendant(s)).
_____
_____
_____.

5.  **Administrative Remedies:**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at
        your institution?                                                    ☐ Yes    ☐ No
    b.  Did you submit a request for administrative relief on Count III?      ☐ Yes    ☐ No
    c.  Did you appeal your request for relief on Count III to the highest level?    ☐ Yes    ☐ No
    d.  If you did not submit or appeal a request for administrative relief to the highest level, briefly explain
        why you did not.  _____
        _____.

**(If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.)**

## D.  REQUEST FOR RELIEF

State briefly exactly what you want the Court to do for you.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____        _____
                                DATE                                    SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)

_____
_____
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If needed, you may attach no more than fifteen additional pages.  The form, however, must be completely filled in to the extent applicable.